UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Raymunda Moore<br><br>　　　Plaintiff,<br><br>v.<br><br>Audubon Financial Bureau, LLC<br><br>　　　Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Westland, MI at all times relevant to this action.

2. Defendant is a New York Limited Liability Corporation that maintained its principal place of business in Buffalo, NY at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to a creditor, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around July 6, 2013, Plaintiff retained an attorney to file bankruptcy.

14. On or around July 22, 2013, Defendant telephoned Plaintiff in connection with the collection of the debt.

15. During this communication, Plaintiff notified Defendant that Plaintiff was represented by a bankruptcy attorney and provided Plaintiff's attorney's contact information.

16. During this communication, Defendant spoke to Plaintiff in a harassing, oppressive, and abusive manner.

17. During this communication, Defendant threatened to arrest Plaintiff and put Plaintiff in jail for fraud and/or charge Plaintiff with fines up to $100,000.00 if Plaintiff did not set up a settlement agreement with Defendant.

18. At the time of this communication, Defendant had neither the intent nor ability to arrest Plaintiff and put Plaintiff in jail or charge Plaintiff with fines up to $100,000.00.

19. During this communication, Defendant threatened to sue Plaintiff if Plaintiff did not come to a settlement agreement with Defendant.

20. At the time of this communication, Defendant had neither the intent nor the ability to sue Plaintiff.

21. Defendant caused Plaintiff emotional distress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

24. In support hereof, Plaintiff incorporates paragraphs 16-20 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

26. In support hereof, Plaintiff incorporates paragraphs 17-20 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Defendant violated 15 U.S.C. §1692e5 by threatening to take action that cannot legally be taken or that was not intended to be taken.

28. In support hereof, Plaintiff incorporates paragraphs 17-20 as if specifically stated herein.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

30. In support hereof, Plaintiff incorporates paragraphs 17-20 as if specifically stated herein.

## JURY DEMAND

31. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

32. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Jacoby & Meyers Bankruptcy, LLP

By: /s/ Lori A. Leigh
    Lori A. Leigh
    26400 Lahser Rd., Suite 109
    Southfield, MI 48033
    Telephone: 866-339-1156
    Fax: 248-569-3874
    Email: lleigh@jacobymeyersbankruptcy.com
    Bar # P65423 – (Local Counsel)